Timothy B. Yoo - State Bar No. 254332
  tyoo@birdmarella.com
Christopher J. Lee - State Bar No. 322140
  clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants TV Chosun Corp.,; Kakao Entertainment Corp.; MBC Corp.; NHN Bugs Corp.; TJ Media Corp.; Genie Music Corp.; Keum Young Entertainment

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEOM SU LEE,<br><br>            Plaintiff,<br><br>      vs.<br><br>TV CHOSUN CORP., et al.,<br><br>            Defendants. | CASE NO. 2:22-cv-00933-DSF-KS<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANTS TV CHOSUN CORP.; KAKAO ENTERTAINMENT CORP.; MBC CORP.; NHN BUGS CORP.; TJ MEDIA CORP.; GENIE MUSIC CORP.; KEUM YOUNG ENTERTAINMENT**<br><br>[Declaration of Christopher J. Lee; Declaration of Sumin Lee; Declaration of Young-Hwan Lee; Declaration of Jin Ah Sung; and [Proposed] Order submitted concurrently herewith]<br><br>Date: June 6, 2022<br>Time: 1:30 p.m.<br>Crtrm.: 7D<br><br>Assigned to Hon. Dale S. Fischer |

3787599.1

NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on June 6, 2022 at 1:30 p.m., or as soon thereafter as this matter may be heard, in Courtroom 7D of the United States District Court for the Central District of California, located at 350 W. 1st Street, Los Angeles, CA 90012, Defendants TV Chosun Corp.; Kakao Entertainment Corp.; MBC Corp.; NHN Bugs Corp.; TJ Media Corp.; Genie Music Corp.; and Keum Young Entertainment ("Defendants") will, and hereby do, move pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss Plaintiff Beom Su Lee's Complaint For Copyright Infringement on the Internet (the "Complaint").

This motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, declarations and accompanying exhibits, the pleadings and papers on file in this matter, and such other matters as may be presented to the Court at the hearing.

Defendants contacted Plaintiff in an effort to conduct a conference pursuant to Local Rule 7-3 in order to discuss the substance of this Motion. On April 25, 2022, Plaintiff responded by email and indicated that he disagreed with Defendants' position and did not believe a conference was necessary. Declaration of Christopher J. Lee ("Lee Decl." ¶ 2). Notwithstanding Plaintiff's refusal to meet and confer, in an effort to discharge their obligations in good faith, Defendants once again raised the issue of this Motion during a telephone call with Plaintiff on April 28, 2022. Defendants fully explained the substance of the Motion to Plaintiff, and Plaintiff indicated that he did not intend to withdraw or amend his Complaint. Lee Decl. ¶ 3.

1  DATED: April 29, 2022

Timothy B. Yoo
Christopher J. Lee
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Timothy B. Yoo
Attorneys for Defendants TV Chosun Corp.; Kakao Entertainment Corp.; MBC Corp.; NHN Bugs Corp.; TJ Media Corp.; Genie Music Corp.; Keum Young Entertainment

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................ 7

II. FACTUAL BACKGROUND ............................................................................. 8

    A. The Complaint ............................................................................................ 8

    B. Additional Jurisdictional Facts Regarding the Korean Platform Defendants .................................................................................................. 9

III. LEGAL STANDARD ......................................................................................... 9

IV. ARGUMENT ..................................................................................................... 11

    A. The Court Lacks Personal Jurisdiction Over the YouTube Defendants ................................................................................................ 11

        1. Uploading infringing videos on YouTube is insufficient to confer specific personal jurisdiction absent "something more." .............................................................................................. 11

        2. Conclusory allegations of "willful infringement" are insufficient to confer specific personal jurisdiction. ................. 12

    B. The Court Lacks Personal Jurisdiction Over the Platform Defendants ................................................................................................ 14

V. CONCLUSION .................................................................................................. 14

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Axiom Foods, Inc. v. Acerchem International, Inc.*,
 874 F.3d 1064 (9th Cir. 2017) ................................................................... 8, 12

*Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*,
 223 F.3d 1082 (9th Cir. 2000) ................................................................. 10, 13

*Calder v. Jones*,
 465 U.S. 783 (1984) ......................................................................................... 10

*DFSB Kollective Co. Ltd. v. Bourne*,
 897 F.Supp.2d 871 (N.D. Cal. 2012) ........................................................ 12, 14

*Dole Food Co. v. Watts*,
 303 F.3d 1104 (9th Cir. 2002) ......................................................................... 9

*Fiore v. Walden*,
 688 F.3d 558 (9th Cir. 2012) ..................................................................... 9, 13

*Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*,
 328 F.3d 1122 (9th Cir. 2003) ..................................................................... 7, 10

*Headspace International, LLC v. New Gen Agricultural Services, LLC*,
 2016 WL 9275781 (C.D. Cal. Nov. 15, 2016) ................................................ 12

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
 466 U.S. 408 (1984) ................................................................................. 10, 11

*Holland Am. Line Inc. v. Wartsila N. Am., Inc.*,
 485 F.3d 450 (9th Cir. 2007) ..................................................................... 7, 11

*L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*,
 2017 WL 1535084 (C.D. Cal. Apr. 27, 2017) ............................................ 7, 12

*Mavrix Photo, Inc. v. Brand Technologies*,
 *Inc.*, 647 F.3d at 1229 (9th Cir. 2011) ............................................................ 11

*Melendez v. Vaiana*,
 2017 WL 8183139 (C.D. Cal. Oct. 19, 2017) ........................................... 11, 12

*Picot v. Weston*,
    780 F.3d 1206 (9th Cir. 2015) ................................................................... 7, 9, 14

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ................................................................. 10, 11, 13

*Walden v. Fiore*,
    571 U.S. 277 (2014) ............................................................................................ 12

*Washington Shoe Co. v. A-Z Sporting Goods Inc.*,
    704 F.3d 668 (9th Cir. 2012) .......................................................................... 12, 13

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir.2006) ............................................................................. 10

# MEMORANDUM OF POINT AND AUTHORITIES

## I. INTRODUCTION

In the Ninth Circuit, lawsuits against alien defendants must clear a "higher jurisdictional barrier." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003). Defendants TV Chosun Corp. ("TV Chosun"), Kakao Entertainment Corp. ("Kakao"), MBC Corp. ("MBC"), NHN Bugs Corp. ("Bugs"), TJ Media Corp. ("TJ"), Genie Music Corp. ("Genie"), and Keum Young Entertainment ("Keum Young") are, by Plaintiff's own admission, Korean companies doing business in Korea. Dkt. 1, Complaint ("Compl.") at 2-3. They are being sued for copyright infringement in this Court for uploading to the internet from Korea, Korean-language songs by a Korean composer. Even taking Plaintiff's allegations as true, none of the moving Defendants has purposely directed any offending conduct towards this forum. Preventing individuals from involving U.S. Courts in fundamentally foreign disputes like this is precisely why the Court's personal jurisdiction is limited, so as to "not offend traditional notions of fair play and substantial justice." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (citations omitted).

The Ninth Circuit has "consistently . . . held that a mere web presence is insufficient to establish personal jurisdiction" *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007). Uploading allegedly infringing content to the internet from Korea does not confer personal jurisdiction on its own, even if the relevant internet platform is based in California. *See L.A. Gem & Jewelry Design, Inc. v. Ecommerce Innovations, LLC*, 2017 WL 1535084 at *8 (C.D. Cal. Apr. 27, 2017) (use of Facebook, Twitter, and YouTube to promote infringing jewelry was insufficient). Personal jurisdiction is even less appropriate where – as for certain of the Defendants here – the relevant platform is designed for use only in Korea, and employs internal controls to restrict access of non-Korean users. *See* Declaration of Sumin Lee ("Genie Decl.") ¶ 4; Declaration of Jin Ah Sung ("Bugs

Decl.") ¶ 4; Declaration of Young-Hwan Lee ("Melon Decl.") ¶ 4. The law could not be more clear: allegedly infringing the copyright of a California resident – even willfully – does not make any non-resident alien fair game for adjudication by California courts. *Axiom Foods, Inc. v. Acerchem International, Inc.*, 874 F.3d 1064, 1069-70 (9th Cir. 2017). The Complaint should therefore be dismissed in its entirety with respect to the moving Defendants for lack of personal jurisdiction.

## II. FACTUAL BACKGROUND

### A. The Complaint

For purposes of this section, the allegations of the Complaint are assumed to be true. Plaintiff Beom Su Lee is the son of Jae Ho Lee, an accomplished Korean composer who was active in the first half of the Twentieth Century. Compl. ¶ 4. In 2001, Mr. Lee and his mother received a U.S. Copyright certificate, No. TX5-432-807, for a compilation of his father's musical compositions. Compl. ¶ 6.

Mr. Lee brings suit for copyright infringement against ten separate defendants, all of whom he admits are aliens residing in the Republic of Korea. Compl. at 2-3. Seven of the defendants – TV Chosun, Kakao, MBC, Bugs, TJ, Genie, and Keum Young – join in the instant Motion. Four among them (TV Chosun, MBC, TJ, and Keum Young; collectively, the "**YouTube Defendants**") are alleged to have infringed Plaintiff's copyright by uploading videos containing Jae Ho Lee's music onto YouTube. Compl. at 10-12. The other three (Kakao, Bugs, Genie; collectively, the "**Platform Defendants**") are alleged to have infringed by making Jae Ho Lee's music available on their own streaming platforms. *Id.*

Other than the infringing conduct itself, the only relevant jurisdictional facts alleged in the Complaint are: (1) that the Defendants are "doing business on the internet . . . [and] have caused injury to Plaintiff and his intellectual property on the Internet", Compl. ¶ 3; (2) that Plaintiff "contacted the defendants over the past several months" to inform them of their "copyright infringement on the internet[.]" Compl. ¶ 8; and (3) that "some defendants" continue to "willfully infring[e]"

Plaintiff's copyright. Compl. ¶ 9.

### B. Additional Jurisdictional Facts Regarding the Korean Platform Defendants

Bugs, Genie, and Melon (operated by Kakao) are each music streaming services designed to be used only by Korean residents. The three Platform Defendants submit declarations attesting to their internal controls designed to prevent content on their platform from being accessed by individuals outside Korea.

Due to these internal controls, it is functionally impossible for a California resident to sign up to any of the three platforms absent complex circumvention methods. The Bugs and Melon apps are geo-blocked so they cannot be downloaded on Android or iOS smartphones outside of Korea. Bugs Decl. ¶ 4; Melon Decl. ¶ 4. Signing up to Genie requires a Korean mobile telephone number, which cannot be obtained without either a Korean Resident Registration Number (for Korean citizens) or Alien Registration Number (for non-citizens residing in Korea). Genie Decl. ¶ 4. Even if a California resident were able to sign up, they would not be able to download or play any of the allegedly infringing works, as music cannot be purchased from any of the three platforms without a Korean bank card or Korean mobile carrier's payment service. Bugs Decl. ¶ 4; Melon Decl. ¶ 4; Genie Decl. ¶ 4.

### III. LEGAL STANDARD

A Court may assert personal jurisdiction only when a defendant has "minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Picot*, 780 F.3d at 1211 (citations omitted). On a motion to dismiss, the burden of pleading a *prima facie* case for personal jurisdiction lies with the plaintiff. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002). "Bare bones assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Fiore v. Walden*, 688 F.3d 558, 574–575 (9th Cir. 2012) (citing *Swartz v. KPMG LLP,* 476 F.3d 756, 766 (9th Cir. 2007)). In

particular, Plaintiffs face a "higher jurisdictional barrier" in lawsuits against alien defendants, as forcibly subjecting aliens to the personal jurisdiction of a U.S. Court implicates "important sovereignty concerns[.]" *Harris Rutsky*, 328 F.3d at 1133.

Personal jurisdiction can be general or specific. For general personal jurisdiction, a plaintiff must allege facts that show that the nonresident defendant is engaged in "continuous and systematic general business contacts," *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984) (citation omitted), that are so pervasive as to "approximate physical presence" in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). When no such allegations are present in the complaint, the inquiry turns to specific personal jurisdiction. Specific personal jurisdiction for non-contract claims requires all of the following: (1) "purposeful direction" of conduct towards the forum; (2) a claim that "arises out of or relates to" the purposefully directed conduct; and (3) compliance with "fair play and substantial justice." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

The first prong, "purposeful direction" is further analyzed under the U.S. Supreme Court's "effects" test adopted in *Calder v. Jones*, 465 U.S. 783, 789 (1984). Under the *Calder*-effects Test, a plaintiff demonstrates purposeful direction by alleging that each defendant "(1) committed an intentional act, (2) **expressly aimed** at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir.2006) (emphasis added).

The Ninth Circuit has construed "express aiming" under the *Calder*-effects Test to require something more than mere foreseeability. *Schwarzenegger*, 374 F.3d at 805 (advertisement published in Ohio was not purposefully directed towards California, even if it could be foreseeably viewed there). Further, the Ninth Circuit has expanded the reasoning of *Schwarzenegger* to the internet context, determining that merely operating a website that could be foreseeably accessed in the forum state

is not express aiming. *Holland Am. Line*, 485 F.3d at 460 ("[w]e consistently have held that a mere web presence is insufficient to establish personal jurisdiction"); *see also Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d at 1229 (9th Cir. 2011) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1020 (9th Cir. 2002)) ("In determining whether a nonresident defendant has done 'something more,' [the Ninth Circuit has] considered several factors, including the interactivity of the defendant's website, the geographic scope of the defendant's commercial ambitions, and whether the defendant 'individually targeted' a plaintiff known to be a forum resident.")

## IV.  ARGUMENT

The Complaint does not allege any facts relevant to whether the Defendants are subject to general jurisdiction based on "continuous and systematic general business contacts" with California. *See Helicopteros Nacionales,* 466 U.S. 408, 416. Therefore, specific personal jurisdiction is the only relevant inquiry here.

### A.  The Court Lacks Personal Jurisdiction Over the YouTube Defendants

#### 1.  Uploading infringing videos on YouTube is insufficient to confer specific personal jurisdiction absent "something more."

Plaintiff does not allege any conduct by the YouTube Defendants that "arises out of or relates to" his claims other than the uploading of infringing videos. *Schwarzenegger*, 374 F.3d at 802. In this respect, his allegations track those of the plaintiff in *Melendez v. Vaiana*, 2017 WL 8183139, at *7 (C.D. Cal. Oct. 19, 2017). In *Melendez*, a California plaintiff filed suit against a New York defendant for copyright infringement, *Id.* at *2, on the basis that defendant had uploaded Plaintiff's video without authorization and garnered over eight million views. *Id.* at *7. The *Melendez* Court found that it lacked personal jurisdiction because the plaintiff had not made any allegation regarding either the residency of the viewers or

any specific activities by defendant aimed at California or the plaintiff, a California resident. *Id.*

In reaching this conclusion, the *Melendez* Court relied on a line of cases holding that infringing use of an interactive website operated by a California-headquartered company (such as YouTube) was insufficient to confer personal jurisdiction in the copyright context. *See DFSB Kollective Co. Ltd. v. Bourne*, 897 F.Supp.2d 871, 883 (N.D. Cal. 2012) (use of Facebook to promote infringing content was insufficient); *L.A. Gem & Jewelry Design*, 2017 WL 1535084 at *8 (use of Facebook, Twitter, and YouTube to promote infringing jewelry was insufficient); *Headspace International, LLC v. New Gen Agricultural Services, LLC*, 2016 WL 9275781, at *4 (C.D. Cal. Nov. 15, 2016) ("Subjecting someone to personal jurisdiction in California for merely having contact with Californians on social media would subject millions of people to personal jurisdiction in California.")

*Melendez* is squarely on point here. The Complaint does not allege any specific activities by Defendants aimed at California – or even knowledge that Plaintiff was a California resident. That is plainly insufficient.

### 2. Conclusory allegations of "willful infringement" are insufficient to confer specific personal jurisdiction.

While the Ninth Circuit's had previously adopted a rule that the express aiming requirement of the *Calder*-effects Test could be satisfied simply by alleging facts that show willful infringement of a copyright held by a California resident, *See Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 677-78 (9th Cir. 2012), this is no longer good law. The United States Supreme Court rejected this approach in *Walden v. Fiore*, 571 U.S. 277, 289 (2014), holding that it "impermissibly allows a plaintiff's contacts with the defendant and forum to drive the jurisdictional analysis." Based on the Supreme Court's instruction, the Ninth Circuit has recognized that *Washington Shoe* is abrogated, and that alleging willful infringement on its own is insufficient for personal jurisdiction. *Axiom Foods, Inc. v.*

*Acerchem International, Inc.*, 874 F.3d 1064, 1069-70 (9th Cir. 2017).

Plaintiff alleges that he "contacted the defendants over the past several months," and that despite this "some defendants are willfully infringing." Compl. ¶ 8-9. This appears to be an attempt to manufacture personal jurisdiction through misplaced reliance on the outdated *Washington Shoe* standard. After *Walden* and *Axiom Foods*, however, this is insufficient absent "something more." *Schwarzenegger*, 374 F.3d at 805. There is nothing more here.

Further, even if *Washington Shoe* were still good law, Plaintiff's allegations would remain insufficient. In order to allege willful breach, Plaintiff must plead Defendants' "knowledge of **both** the existence of the copyright and the forum of the copyright holder." *Washington Shoe Co.*, 704 F.3d at 677-78 (emphasis added). Here, Plaintiff has done neither: he alleges only that he contacted defendants regarding a license fee, and that despite this some Defendants continued infringing. Compl. ¶ 8-9. Plaintiff does not allege whether he contacted Defendants before or after the allegedly infringing acts occurred, whether he put any Defendants on notice that he held a U.S. copyright or resided in California, or even which specific Defendants he contends are willfully infringing. At most, Plaintiff has alleged only the possibility of willful infringement for some subset of Defendants. "This falls short of the 'something more' necessary to satisfy the express aiming requirement." *Washington Shoe*, 704 F.3d at 679; *see Bancroft & Masters,* 223 F.3d at 1087 ("a foreign act with **foreseeable** effects in the forum state [does not give] rise to specific jurisdiction.") (emphasis added).

In summary, Plaintiff has failed to allege that specific personal jurisdiction is appropriate for the YouTube Defendants under the *Calder*-effects Test. *See Fiore*, 688 F.3d at 574–575 ("legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden.") Absent such allegations, the mere act of uploading a video on YouTube does not enable Plaintiff to haul Korean alien defendants into a district court located in California.

### B. The Court Lacks Personal Jurisdiction Over the Platform Defendants

As with the YouTube Defendants, the only jurisdictional conduct alleged for the Platform Defendants is that they uploaded Jae Ho Lee's works to their respective Korean music distribution platforms. Compl. at 10-12. In this respect, there is even less basis for specific personal jurisdiction than the YouTube Defendants, as the relevant platforms are operated by companies based in Korea – not California. Compl. at 2-3. *c.f. DFSB Kollective*, 897 F.Supp.2d at 883. Conclusory allegations of willful breach are also insufficient for the Platform Defendants, for the same reasons described *supra*.

The case for specific personal jurisdiction over the Platform Defendants is further weakened by the fact that their platforms are not merely operated from Korea, but specifically restricted to prevent access by non-Korean users. In other words, not only have Platform Defendants not purposely directed any allegedly infringing activities to this forum, they have purposely taken action to **prevent** any potentially unauthorized distribution in this forum. As described in more detail *supra*, internal controls exist to prevent any California resident from downloading, signing up to, or buying any music from Melon, Bugs, or Genie. *See supra*. This is express avoidance – not express aiming. It would fundamentally offend "traditional notions of fair play and substantial justice," *Picot*, 780 F.3d at 1211, to assert personal jurisdiction upon the Platform Defendants despite their purposeful efforts to prevent California residents from inadvertently accessing their platforms.

### V. CONCLUSION

For the reasons foregoing reasons, Defendants respectfully request that the Court dismiss the Complaint with prejudice, with respect to the moving Defendants, since this Court lacks personal jurisdiction over them for the conduct alleged in the Complaint.

DATED: April 29, 2022

Timothy B. Yoo
Christopher J. Lee
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____
Timothy B. Yoo
Attorneys for Defendants TV Chosun Corp.,; Kakao Entertainment Corp.; MBC Corp.; NHN Bugs Corp.; TJ Media Corp.; Genie Music Corp.; Keum Young Entertainment