BEOM SU LEE

4322 Wilshire Blvd.,#109
Los Angeles, CA 90010
Tel: 213-700-1271
Email: Interwin77@hotmail.com

Plaintiff: In Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEOM SU LEE<br><br>           Plaintiff,<br><br>     vs.<br><br>TV Chosun Corp.,et al.,<br><br><br><br>           Defendants. | Case No.: CV22-00933-DSF-KS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

1

To The Honorable Dale S. Fischer, U.S. District Court Judge:

Plaintiff Beom Su Lee respectfully submits PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS BY DEFENDANTS TV CHOSUN CORP.; KAKAO ENTERTAINMENT CORP.; MBC CORP.; NHN BUGS CORP.; TJ MEDIA CORP.; GENIE MUSIC CORP.; KEUM YOUNG ENTERTAINMENT.

## I. STATEMENT OF FACTS

1. On April 29, May1, 2022, the plaintiff accessed the defendants' music platforms (Melon, Bugs, Genie Music, Soribada), discovered the following facts, and took photos and videos of Jae Ho Lee's music as evidence.

The defendants claimed that the streaming service was not possible outside of Korea on the defendants' music platforms, but this is not true.

The plaintiff was able to search for and listen to Jae Ho Lee's music on the defendant's music platforms without logging in. (Melon,Bugs,GenieMusic,Soribada).

Defendants continue to infringe on Jae Ho Lee's music on the Internet, and this illegal activity is considered a willful infringement.

**THE UNITED STATES – KOREA FREE TRADE AGREEMENT**

"On June 30, 2007, the United States Trade Representative entered into a free trade agreement with Korea ("Agreement").

The Agreement clarifies and builds on existing international standards for the protection and enforcement of intellectual property rights, with an emphasis on new and emerging technologies. The Agreement ensures that Korea will provide a high level of IPR protection, similar to that provided under U.S. law. Key provisions of the Agreement, such as those on preventing circumvention of anti-piracy devices and establishing the scope of liability for copying works on the Internet, are modeled on U.S. statutes. The Agreement includes state-of-the-art protection for trademarks and copyrights as well as expanded protection for patents and undisclosed information.

2

**Copyright**

The International Intellectual Property Alliance estimates that U.S. companies lost over $600 million in Korea in 2006 due to piracy of motion pictures, records and music, business application software, videogames, and books. Korea also has extremely highrates of broadband Internet access, and Internet-based copyright piracy has been rampant.

In 2009, the IIPA reported that the online piracy rate for sound recordings in Korea is approximately 70 percent. The KORUS includes many important provisions for stemming these losses and otherwise benefiting U.S. copyright industries. One of the more important provisions is the prohibition on the circumvention of technological protection measures (TPMs) that authors, performers, and producers of phonograms use in the exercise of their rights to prohibit or restrict unauthorized acts (e.g., unauthorized access to a work or illegal copying). Defined and limited exceptions to the prohibition on the circumvention of TPMs will provide further certainty that copyrighted works are protected and that the prohibition on circumvention of TPMs is an effective tool for addressing enforcement challenges presented in the digital environment.

**Why Stronger Protection of Intellectual Property Matters:**

Copyright-based industries are among the fastest growing and most productive of any sector of the U.S. economy. They employ new workers in higher-paying jobs at over three times the rate of the rest of the economy; create new revenue at over two times that rate; and contribute close to $90 billion to the U.S. economy each year through foreign sales and exports. The principal barrier to trade for these industries is the lack of effective protection and enforcement of intellectual property rights.
Innovation has historically been a driving force in U.S. industry. Competitive advantage based on innovation needs to be protected and defended. U.S. companies need access to legal tools in all markets across the globe.

The high level of enforcement required by the KORUS will benefit industry and set a precedent throughout the region.

**US-Korea FTA** Article 18 - Intellectual Property Rights

Authority to order information provision (Article 18.10 Paragraph 10)
Provision to allow the court to order the infringer to submit to the right holder or the court all information in the possession or control of the infringer in relation to the infringement in civil proceedings concerning the enforcement of intellectual property rights;

The information to be submitted includes information related to the person involved in the infringement (including third parties), the means of production and distribution of the infringement-related goods and services.

Where appropriate, in civil proceedings, on a valid court order
Authorize the court to impose sanctions (fine, detention) in case of dissatisfaction
In case of violation of confidentiality order (Article 18.10 Paragraph 11 B)
Grants the court the authority to sanction litigants, such as parties to civil trials, lawyers, and experts, if they violate the court's orders related to confidential information produced or exchanged during the trial process.
Confiscation of criminal proceeds (Article 18.10, Paragraph 27 (c))
Authorizes law enforcement authorities to confiscate all assets obtained through copyright and trademark infringement
Non-Confession (Article 18.10, Paragraph 27 (f)),

In the case of intentional counterfeiting of trademark rights and copyright infringement on a commercial scale, it is stipulated that prosecution can be instituted ex officio by the investigative agency without accusation by the right holder. "

## II.  ARGUMENT

2.  This court has personal jurisdiction over the Defendants.

**CASE**

"In Shippitsa Ltd. v. Slack, No. 18-CV-1036, 2019 U.S. Dist. LEXIS 121994 (N.D. Tex. July 23, 2019), a federal district court reiterated the standards applicable to determining whether there is personal jurisdiction over a foreign defendant in the context of online web businesses and allegations of trademark infringement,. The court found that under federal law, the Cyprus-incorporated and -headquartered defendant's interactive website allowing the commercial exchange of information with Texas customers was sufficient for the exercise of personal jurisdiction over that defendant in Texas."

"the Supreme Court held that a state could exercise personal jurisdiction over an out-of-state corporation defendant where the state had specific jurisdiction over the defendant, even though the state lacked general jurisdiction.
In *McGee v. International Life Insurance, 355 U.S. 220 (1957)*"

**Chunyun Wang v. Korean Airlines Co.**
"There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." While Korean Air is not subject to this court's general jurisdiction, it is subject to its specific jurisdiction. Walden v. Fiore, 571 U.S. 277, 283 (2014). Because Nevada's long-arm statute grants courts jurisdiction over persons "on any basis not inconsistent with" the U.S. Constitution, the jurisdictional analyses under state law and federal due process are identical. See id.; Nev. Rev. Stat. § 14.065.

5

Plaintiff BeomSu Lee believes that this court has personal jurisdiction over the Defendants.

In 1998, Congress passed the **Digital Millennium Copyright Act (DMCA)**, which amended U.S. copyright law to address important parts of the relationship between copyright and the internet.

Korea also has extremely highrates of broadband Internet access, and Internet-based copyright piracy has been rampant (US-Korea FTA)

All Defendants do not have any license, authorization, permission or consent to use the Infringed Jae Ho Lee `s Musical Works on the lnternet.

"As a general matter, copyright infringement occurs when a copyrighted work is reproduced, distributed, performed, publicly displayed, or made into a derivative work without the permission of the copyright owner" (The U.S .Copyright Office).

### III. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court deny Defendants' MOTION TO DISMISS with Prejudice.

DATED:May 2,2022

Respectfully submitted,

BY: _____

BEOM SU LEE Plaintiff in Pro Per

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS