Timothy B. Yoo - State Bar No. 254332
    tyoo@birdmarella.com
Christopher J. Lee - State Bar No. 322140
    clee@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants TV Chosun
Corp.,; Kakao Entertainment Corp.; MBC
Corp.; NHN Bugs Corp.; TJ Media Corp.;
Genie Music Corp.; Keum Young
Entertainment

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BEOM SU LEE,<br><br>              Plaintiff,<br><br>     vs.<br><br>TV CHOSUN CORP., et al. ,<br><br>              Defendants. | CASE NO. 2:22-cv-00933-DSF-KS<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS BY DEFENDANTS TV CHOSUN CORP.; KAKAO ENTERTAINMENT CORP.; MBC CORP.; NHN BUGS CORP.; TJ MEDIA CORP.; GENIE MUSIC CORP.; KEUM YOUNG ENTERTAINMENT**<br><br>Date:    June 6, 2022<br>Time:    1:30 p.m.<br>Crtrm.:  7D<br><br>Assigned to Hon. Dale S. Fischer |

3792666.1

## I.      INTRODUCTION

This Court is not called upon to rule on whether copyright enforcement is important, or whether Plaintiff's copyright in his father's songs is valid. The inquiry here is narrowly confined to whether the Court can assert personal jurisdiction upon Korean companies who are complete strangers to California, solely because they uploaded Korean-language songs from a Korean composer onto the internet. Other courts in this district have already spoken in unison: mere uploading is not enough. *See, e.g.*, *Melendez v. Vaiana*, 2017 WL 8183139, at *7 (C.D. Cal. Oct. 19, 2017); *Headspace International, LLC v. New Gen Agricultural Services, LLC*, 2016 WL 9275781, at *4 (C.D. Cal. Nov. 15, 2016) ("Subjecting someone to personal jurisdiction in California for merely having contact with Californians on social media would subject millions of people to personal jurisdiction[.]")

In his opposition, Plaintiff does not contest Defendants' analysis of specific personal jurisdiction in the copyright context, nor does he muster any additional jurisdictional facts. Rather, he relies upon general provisions concerning intellectual property in a bilateral trade agreement, and cites to cases that are either irrelevant or easily distinguishable. Plaintiff has simply not provided this Court with any reason to deviate from the black letter law in the Ninth Circuit that "mere web presence is insufficient." *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007).

Defendants are themselves each owners of significant intellectual property, and wholeheartedly acknowledge the critical importance of those rights. But even assuming *in arguendo* that Plaintiff owns a valid copyright, that does not entitle him to blindly haul anyone anywhere in the world onto his doorstep to face adjudication in California federal court. The Complaint should be dismissed in its entirety with respect to the moving Defendants for lack of personal jurisdiction.

## II.    ARGUMENT

### A.    Plaintiff Does Not Controvert the Facts or Legal Theories

As described in more detail in Defendants' Motion, in order to prove specific personal jurisdiction, Plaintiff must allege facts demonstrating that Defendants have engaged in "something more" than "mere web presence." *Holland Am. Line Inc.,* 485 F.3d 450 (9th Cir. 2007). In the Ninth Circuit, mere uploading cannot constitute that "something more." *See, e.g., DFSB Kollective Co. Ltd. v. Bourne*, 897 F.Supp.2d 871, 883 (N.D. Cal. 2012); *Melendez*, 2017 WL 8183139, at *7 ; *Headspace International*, 2016 WL 9275781, at *4. The Complaint alleges no jurisdictional facts other than that Defendants uploaded purportedly infringing works – either to YouTube or their own platforms. Further, the Platform Defendants have testified that they actively avoided directing their business to California residents by designing their website so that non-Korean residents are unable to sign up or purchase music. Mot. (Dkt. 26) 9:2-18.

Plaintiff does not dispute any of the above-described law or facts, nor does he cite to any caselaw from the Ninth Circuit – or anywhere else – that suggests that mere uploading is sufficient for specific personal jurisdiction. Plaintiff does not put any additional facts on the record that would suggest that Defendants engaged in activity beyond mere uploading. Despite having had full opportunity to present alternative legal theories or contradictory evidence, Plaintiff has left the substantive arguments of the Motion largely undisturbed. The absence of contradiction here should lead the Court to infer that both law and facts favor dismissal.

The sole additional fact alleged by Plaintiff pertains only to the Platform Defendants (Kakao, Bugs, and Genie): he claims that he was able to access the purportedly infringing works on their websites – presumably from California. But even if assumed true[1], this does not contradict the Platform Defendants' testimony

---

[1]    We note that Plaintiff's allegations regarding his ability to personally access the

regarding their active measures to prevent foreign access. As a Korean speaker and former Korean resident, Plaintiff may very well have means that allow him to circumvent geographic restrictions, such as a Korean phone number or access to the Korean-language App Store. Further, Plaintiff makes no specific allegation as to what extent he was able to "access" the purportedly infringing works. For example, Plaintiff may have only been able to see a page listing the works without being able to listen to them at all, or only been able to listen to short snippets that were provided as previews. In this case, any copying of Plaintiff's works by the Platform Defendants would likely be *de minimis*, and therefore insufficient to support either infringement or specific personal jurisdiction. *See Newton v. Diamond*, 388 F.3d 1189, 1192-93 (9th Cir. 2004) (copying of six second musical snippet was not copyright infringement, as "[f]or an unauthorized use of a copyrighted work to be actionable, the use must be significant enough to constitute infringement").

## B.   Plaintiff's Legal Authorities Are Inapplicable.

Plaintiff principally cites to two cases in his Opposition. Neither are relevant. The first, *Shippitsa Limited v. Slack*, 2019 WL 3304890, at *4 (N.D. Tex. July 23, 2019), is a trademark case in Texas federal court that analyzes personal jurisdiction through the Fifth Circuit's "sliding scale" test – which is plainly inapplicable here. Further, even if the Ninth Circuit had adopted the sliding scale test, the facts in *Shippitsa* were very different: the Cyprus-based website there explicitly invited international users to order products online, going as far as to tout free shipping worldwide. *Shippitsa*, 2019 WL 3304890, at *4. The Defendants here, on the other hand, have either taken no action to attract international users (for the Youtube Defendants), or have taken action to ***dissuade*** international users from using their

---

websites are presented without evidentiary support in the text of his opposition – not in a sworn declaration. On April 20, 2022, Plaintiff filed a compilation of exhibits in support of his Complaint, but elected not to include any evidence regarding the Platform Defendants. *See* Dkt. 24.

service (for the Platform Defendants). Further, the plaintiff in *Shippitsa* produced evidence that hundreds of customers in Texas have purchased product through the defendant's website. *id.*, at *5. In contrast, Plaintiff's pleading and briefing is bereft of any evidence or even mere allegation that anyone in California listened to the purportedly infringing works through Defendants' websites.

Plaintiff also relies on *Wang v. Korean Airlines Co., Ltd.*, 2021 WL 76954, at *2 (D. Nev. Jan. 8, 2021), a products liability suit brought by a Nevada resident against a Korean company. While the Court did find specific personal jurisdiction in *Wang*, the circumstances could not have been more different: Korean Air is an international airliner that operates out of numerous airports worldwide, including McCarran International Airport in Nevada – the very place where the flight on which the plaintiff sustained her injuries had departed from. *Id.* at *3. Here, Plaintiff alleges no presence or conduct by any Defendant in California other than mere uploading.

### C.     The Korea-US Free Trade Agreement Does Not Independently Confer This Court With Personal Jurisdiction

Plaintiff cites extensively to Chapter 18 of the Korea-U.S. Free Trade Agreement ("KORUS FTA"), the section of the Agreement which pertains to intellectual property. Yet none of the provisions cited to contain a grant of personal jurisdiction. Instead, Plaintiff appears to be arguing that the mere existence of intellectual property provisions in KORUS FTA confers U.S. Courts with unlimited personal jurisdiction against Korean residents in any intellectual property case – including this one.

Plaintiff cites to no authority for his theory because there is none, and for good reason: allowing for personal jurisdiction to be inferred in this manner would create manifestly absurd results and eviscerate the Ninth Circuit's rule that suits against alien defendants must clear a "higher jurisdictional barrier." *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003). The

U.S. has bilateral trade agreements similar to KORUS FTA with twenty countries.[2] Should Plaintiff's theory be adopted, U.S. courts would be required to exercise personal jurisdiction over *any* corporation from those twenty countries whose business relates to intellectual property or *any* other sector covered by the agreement – including agriculture, apparel, and pharmaceuticals.[3] Such unbridled, overbroad personal jurisdiction against foreign defendants would inescapably offend "traditional notions of fair play and substantial justice." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

## III.   CONCLUSION

For the reasons stated here and in their Motion, the moving Defendants respectfully request that the Court dismiss the Complaint with prejudice, for lack of personal jurisdiction.


DATED:  May 23, 2022            Timothy B. Yoo
                                Christopher J. Lee
                                Bird, Marella, Boxer, Wolpert, Nessim,
                                Drooks, Lincenberg & Rhow, P.C.



                          By:   */s/ Timothy B. Yoo*
                                Timothy B. Yoo
                                Attorneys for Defendants TV Chosun
                                Corp.,; Kakao Entertainment Corp.; MBC
                                Corp.; NHN Bugs Corp.; TJ Media Corp.;
                                Genie Music Corp.; Keum Young
                                Entertainment

---

[2]  https://www.state.gov/trade-agreements/existing-u-s-trade-agreements/

[3]  https://ustr.gov/trade-agreements/free-trade-agreements/korus-fta/final-text