BEOM SU LEE

4322 Wilshire Blvd.,#109
Los Angeles, CA 90010
Tel: 213-700-1271
Email: Interwin77@hotmail.com

Plaintiff: In Pro Per

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEOM SU LEE<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>TV Chosun Corp.,et al.,<br><br>　　　　　Defendants. | Case No.: CV22-00933-DSF-KS<br><br>**PLAINTIFF'S OPPOSITION TO DEFNDANTS MOTION TO DISMISS** |

1

---

PLAINTIFF'S OPPOSITION TO DEFNDANTS MOTION TO DISMISS

# TABLE OF CONTENTS                                              Page

**I. LEGAL STAND** .................................................................4-6

**II. ARGUEMENT** .................................................................6-9

**III. CONCLUSION** ...............................................................9

**TABLE OF AUTHORITIES** Page
**Cases**

*Mwani v. Bin Laden*, 417 F.3d 1 (D.C. Cir. 2005)..................4

*UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344 (4th Cir. 2020)...............5

*Shippitsa Ltd. v. Slack*, No. 18-CV-1036, 2019 U.S. Dist. LEXIS 121994 (N.D. Tex. July 23, 2019).........................................................5

**THE PARTIES TO PLAINTIFF'S OPPOSITION TO DEFNDANTS MOTION TO DISMISS.**

Plaintiff :Beom Su Lee ("Plaintiff"),

Defendants :TV Chosun Corp. (d/b/a TV Chosun), Kakao Entertainment Corp., (d/b/a MELON), NHN BUGS Corp., (d/b/a BUGS ), TJ Media Corp., KEUM YOUNG Entertainment, ,MBC Corp.( d/b/a MBC), Genie Music Corp.( d/b/a Genie Music), ("Defendants').

## I. LEGAL STAND

**Rule 4(k)(2): Preventing Foreign Defendants from Escaping Personal Jurisdiction**

"Federal Rule of Civil Procedure 4(k)(2), adopted in 1993, prevents foreign defendants that have violated United States Federal laws from escaping suit for lack of personal jurisdiction. Prior to the adoption of Rule 4(k)(2), foreign defendants whose contacts with any particular state forum were not sufficient to support personal jurisdiction were able to move for dismissal, even if they had sufficient contacts warranting claims for violation of Federal laws. Rule 4(k)(2) remedied that situation and has allowed, for example in Mwani v. Bin Laden, 417 F.3d 1 (D.C. Cir. 2005), personal jurisdiction in U.S. courts over foreign terrorists performing acts outside the United States that affect Americans (the bombing of an American embassy). More recently, the Federal Circuit (the appeal Court for all patent related cases) has affirmed the application of Rule 4(k)(2) to foreign patent infringement defendants. This alert highlights the factual scenarios in which Rule 4(k)(2) has been used to obtain personal jurisdiction over foreign defendants in patent related matters."

"**Personal jurisdiction** in the federal courts is governed by rule 4 of the Federal Rules of Civil Procedure. Rule 4 directs every federal district court to follow the law on personal jurisdiction that is in force in the state courts where the federal court is located. Federal courts may also use state long-arm statutes to reach defendants beyond the territory of their normal jurisdiction. In cases that may be brought only in a federal court, such as lawsuits involving federal securities and antitrust laws, federal courts may exercise personal jurisdiction over a defendant regardless of where the defendant is found"

4

> **"4th Circuit Finds Jurisdiction Over Foreign Website Operator Who Never Worked in or Visited the United States**
>
> October 6, 2020 By Pu-Cheng (Leo) Huang ,Edited by <u>Margaret A. Esquenet</u>
>
> The internet connects the globe and makes it easy to share information across the world. Yet its borderless nature presents difficult questions for U.S. courts. Should a foreign website operator who had never performed any work within the United States, or even visited here, be subjected to suit in the United States? The Fourth Circuit considered this issue in a case involving a Russian citizen who operated websites that allegedly infringed twelve record companies' U.S. copyrights.
>
> The defendant, Tofig Kurbanov, owned and ran two websites in Russia—"FLVTO" and "2conv"—which provide a "stream-ripping" service that allows visitors to download copyrighted music extracted from YouTube videos. The websites have become two of the most popular on the internet, including among Americans. Not surprisingly the copyright owners—twelve record companies—objected to Kurbanov's activities and sued him in federal court in Virginia for copyright infringement. And while the district court found that it had no jurisdiction over Kurbanov—and thus dismissed the lawsuit—the Fourth Circuit disagreed.
>
> A federal court can properly exercise personal jurisdiction over a nonresident if two conditions are satisfied. First, jurisdiction over the nonresident has to be authorized by the "long-arm statute" "The case is *UMG Recordings, Inc. v. Kurbanov*, 963 F.3d 344 (4th Cir. 2020)."

"**In Shippitsa Ltd. v. Slack, No. 18-CV-1036, 2019 U.S. Dist. LEXIS 121994 (N.D. Tex. July 23, 2019),** a federal district court reiterated the standards applicable to determining whether there is personal jurisdiction over a foreign defendant in the context of online web businesses and allegations of trademark infringement,.

The court found that under federal law, the Cyprus-incorporated and -headquartered defendant's interactive website allowing the commercial exchange of information with Texas customers was sufficient for the exercise of personal jurisdiction over that defendant in Texas."

**THE UNITED STATES – KOREA FREE TRADE AGREEMENT**

"On June 30, 2007, the United States Trade Representative entered into a free trade agreement with Korea ("Agreement").
The Agreement clarifies and builds on existing international standards for the protection and enforcement of intellectual property rights, with an emphasis on new and emerging

5

technologies. The Agreement ensures that Korea will provide a high level of IPR protection, similar to that provided under U.S. law. Key provisions of the Agreement, such as those on preventing circumvention of anti-piracy devices and establishing the scope of liability for copying works on the Internet, are modeled on U.S. statutes. The Agreement includes state-of-the-art protection for trademarks and copyrights as well as expanded protection for patents and undisclosed information"

## II. ARGUMENT

### 1. Defendants' Argument

"Plaintiff Beom Su Lee does not allege any conduct from any Defendant aimed at encouraging any Californian to listen to these songs. Instead, his argument for personal jurisdiction relies entirely on the assertion that Defendants should have known that once uploaded, these popular songs would be accessed in California, home to "the largest Koreatown in the U.S. . . . and hundreds of thousands of Korean Americans.

Despite having had the opportunity to amend his complaint, Plaintiff still does not allege that "Defendants advertise or otherwise market their services to California residents." Dkt. 34 at 6. He has once again failed to plead or prove express aiming, and the jurisdictional inquiry can and should end there."

### 2. Plaintiff's Objection

It is clearly stated on page 11 (Paragraph 19-26) of the Plaintiff's Amended complaint,

"Many Korean companies use the powerful marketing tool of the Internet to promote their music, drama, content, food, and consumer products to Korean Americans in the

6

PLAINTIFF'S OPPOSITION TO DEFNDANTS MOTION TO DISMISS

United States, And many Korean companies have established branches in California and are doing business, They are focusing on selling their products by targeting the Korean market in California, the largest in the United States,

**Plaintiff asserts that this includes the defendants' companies as well."**

Plaintiff's Amended Complaint ,Page 11 (Paragraph 19-26).

"12.   Plaintiff asserts that all commercial activities and transactions of the defendants on the Internet are directly related to personal jurisdiction in California." Plaintiff's Amended Complaint ,Page 15 (Paragraph 18-20)."

**3. Defendants' Music Platform** :Kakao Entertainment Corp., NHN BUGS Corp., Genie Music Corp., Have a **"Free Listening"** program installed, so you can enjoy half of each Jae Ho Lee's songs.

"A free music listening program is installed on the defendants' music platform, and anyone can enjoy some of their favorite music without logging in. **Jae Ho Lee's music also applies,** Plaintiff will present video as evidence if requested by the court.
**(Exhibit 39** is a true ,correct video copy of the Live performance of Jae Ho Lee's music on defendants' music platforms)."

Plaintiff's Amended complaint ,Page 14 (Paragraph 12-16).

This illegal activity also benefits Korean Americans in California and is evidence that the defendants are clearly marketing and promoting their activities towards Korean Americans living in California..                7

### 4. Defendants' Argument

"Far from affirmatively marketing their services to California, several of the Defendants have taken affirmative measures to prevent users outside of Korea from logging onto their platforms or purchasing any music."

### 5. Plaintiff's Objection

On July 26, 2022, the plaintiff ran a cell phone rental business in L.A.Koreatown (K-Rental Phone)and talked with the owner. As a result, mobile phones brought by users from Korea can be used in the US in the same way as in Korea, including authentication and Internet banking,etc,
In other words, Korean phone users can freely download and buy their favorite music from the defendants' music platform at any time in California and US.

On July 27, 2022, a friend of the plaintiff visited from Korea in Hawaii.
As a result of testing the login, member registration, authentication, and purchase procedures on the defendants' music platform, all were successful,
Attach photos as evidence (Using a mobile phone from Korea),
(**Exhibit 35** is a true ,correct copy of the photos).
The data proves that the declarations of the music platform defendants are not true.

### 6. TJ Media Corp. and KEUM YOUNG Entertainment Activities

TJ Media Corp. and KEUM YOUNG Entertainment are the largest karaoke producers in Korea, It is a karaoke brand product used by Korean karaoke establishments in California and the United States.

They are doing product promotion and marketing activities through YouTube, Update new songs to local &US Korean karaoke establishments over the Internet.(Including Jae Ho Lee's music).

7. All Defendants do not have any license, authorization, permission or consent to use the Infringed Jae Ho Lee `s Musical Works on the Internet.

" In 1998, Congress passed the **Digital Millennium Copyright Act (DMCA)**, which amended U.S. copyright law to address important parts of the relationship between copyright and the internet."

"As a general matter, copyright infringement occurs when a copyrighted work is reproduced, distributed, **performed, publicly displayed**, or made into a derivative workwithout the permission of the copyright owner" **(The U.S .Copyright Office)**.

8. In light of the above facts, this court has personal jurisdiction over the Defendants.

9. Plaintiff asserts that all commercial activities and transactions of the defendants on the Internet are directly related to personal jurisdiction in California

### III. CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court deny Defendants' MOTION TO DISMISS with Prejudice.

DATED:July 27 ,2022                                  Respectfully submitted,

BY: _____

BEOM SU LEE /Plaintiff in Pro Per

9